1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICIA STEVENS,

11          Plaintiff,                    No. CIV S-03-1310 KJM

12      vs.

13   JO ANNE B. BARNHART,
     Commissioner of Social Security,
14
            Defendant.                    ORDER
15   _____/

16          Pending before the court is plaintiff's motion for an award of attorneys' fees under

17   the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on

18   4.25 hours in 2003 at the rate of $150.75 per hour for attorney time and 25 hours in 2004 at the

19   rate of $153.94 per hour, for a total amount of $4,489.19.  Defendant contends fees under the

20   EAJA should not be awarded because the government's position was substantially justified.  In

21   the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable.

22   In the reply, plaintiff seeks to augment her claim by an additional 3.25 hours[1] for attorney time

23

24          [1]  Plaintiff submits no different hourly rate in connection with the request for attorneys'
     fees incurred in preparing the reply brief.  Defendant has not objected to the method of
25   calculating the hourly rate used by plaintiff.  The reply was filed February 11, 2005.  For services
     rendered in the year 2005, the court has calculated the hourly rate based on a two month average
26   for year 2005 on the CPI-U, West Region found at http://data.bls.gov., as follows:

                                              1

1    expended on preparing the reply, for an adjusted total amount of $4,995.96.

2          A.  Substantial Justification

3          The EAJA provides that the prevailing party in a civil action against the United

4    States may apply for an order for attorneys' fees and expenses within thirty days of final

5    judgment in the action.   An applicant for Social Security benefits receiving a remand under

6    sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later

7    succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this

8    case, the matter was remanded under sentence four pursuant to the order of the court on cross-

9    motions for summary judgment.  See Order filed September 28, 2004.  Plaintiff thus is entitled to

10    an award of fees under the EAJA.  The court must allow the fee award unless it finds that the

11    position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69

12    (9th Cir. 1995).

13          The burden of establishing substantial justification is on the government.  Gutierrez

14    v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).   In Pierce v. Underwood, 487 U.S. 552 (1988),

15    the Supreme Court defined "substantial justification" as

16                'justified in substance or in the main'——that is, justified to a degree
                 that could satisfy a reasonable person.  That is no different from the
17                 'reasonable basis in both law and fact' formulation adopted by the
                 Ninth Circuit and the vast majority of other Courts of Appeals that
18                 have addressed this issue.

19    Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see

20    also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds,

21    Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th

22    Cir. 2002).

23          In determining substantial justification, the court reviews both the underlying

24    governmental action being defended in the litigation and the positions taken by the government

25

26    (195.1/156.4) x $125 = $155.93.  At this hourly rate, 3.25 hours represents an additional $506.77.

1   in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

2   other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government

3   action was not substantially justified, it is unnecessary to determine whether the government's

4   litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.

5   1988).

6          Defendant contends the government's position was substantially justified.  In

7   support of this contention, defendant essentially puts forth the same arguments submitted in

8   support of the government's cross-motion for summary judgment.  Although defendant is correct

9   that the government can lose on the merits and its position still be substantially justified for

10  purposes of EAJA, defendant's argument in this instance is unavailing.  In reviewing the

11  transcript, briefing on the cross-motions for summary judgment and order granting remand in this

12  case, the court has determined defendant's position had no reasonable basis in either law or fact.

13  The ALJ set forth inconsistent reasons for discrediting plaintiff, mischaracterized the medical

14  evidence, and simply ignored much of plaintiff's testimony.  See, e.g., Sampson v. Chater, 103

15  F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence

16  and failed to take adequate account of testimony).   The government's position thus was not

17  substantially justified and fees under the EAJA therefore will be awarded.

18          B.  Reasonable Fee

19          The EAJA directs the court to award a reasonable fee.  In determining whether a

20  fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the

21  results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart,

22  461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the

23  hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues plaintiff

24  should not be compensated for time spent on arguments rejected by the court and that plaintiff's

25  attorney, as a seasoned Social Security litigator, spent eight hours too many on this case.

26  /////

3

1         Plaintiff argued four bases for remand, two of which were found persuasive.

2   Although plaintiff's arguments with respect to the step two analysis and treating physicians'

3   opinions were found untenable, the court does not find unreasonable the time spent advancing

4   those arguments.  The arguments were rejected in part as conclusory and unsupported by the

5   record.  It does not appear that a great deal of time was expended on these argument by counsel.

6   To the extent counsel was attempting to preserve all possible bases for remand, however,

7   advancing those arguments was not unreasonable, even if they were inartfully pled.  Moreover,

8   the bulk of plaintiff's brief addressed the very errors that ultimately served as the basis of

9   remand, i.e., the failure of the ALJ to properly assess plaintiff's credibility and the failure to pose

10  proper hypotheticals.  Considering the results obtained, the entirety of the hours claimed are

11  reasonable.

12        With respect to the amount of time claimed by counsel, the court also notes

13  counsel did not represent plaintiff at the administrative level and had to become familiar with the

14  case, which included a 198 page administrative transcript.  The court has carefully reviewed the

15  hours claimed by counsel and finds no reason to believe they are inflated.  Counsel therefore will

16  be paid for the claimed hours of attorney time spent in the prosecution of this action.

17        Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are

18  awarded to plaintiff in the amount of $4,995.96.

19  DATED:  September 26, 2005.

20

21                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25  006

26  stevens.fee